IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

JESUS GAYTON,

        Petitioner,

vs.                                         Case No. 3:15-cv-01049-DRH

CHIEF DIRECTOR OF THE
DEP'T OF HOMELAND SECURITY,
DIRECTOR OF THE CHICAGO
FIELD OFFICE OF IMMIGRATION
CUSTOMS ENFORCEMENT,
ATTORNEY GENERAL, and
WARDEN OF MCHENRY
COUNTY JAIL,

        Respondents,

## MEMORANDUM AND ORDER

**HERNDON, District Judge:**

    Jesus Gayton is currently being held at the Tri-County Detention Center in Ullin, Illinois. (*See* Doc. 9.) Proceeding *pro se*, Gayton has filed a petition for writ of habeas corpus under 28 U.S.C. § 2241, challenging his ongoing detention by Immigration & Customs Enforcement officials since December 5, 2014. (Doc. 1 at 2.) Gayton insists that his detention is improper because he has been detained pending removal for longer than the six months that is presumptively allowed under *Zadvydas v. Davis*, 533 U.S. 678 (2001), and there is no likelihood of removal in the reasonably foreseeable future.

    This matter is now before the Court for a preliminary review of the petition. Rule 4 of the Rules Governing Section 2254 Cases in the United States District

Courts provides that, upon preliminary review of the petition by the district court judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."  Rule 1(b) of those Rules gives this Court the authority to apply the rules to other habeas corpus proceedings, such as this action.

## Background

Gayton is a native citizen of Mexico who has lived in the United States since May 2000.  (Doc. 1 at 2.)  On December 5, 2014, he was taken into custody by Immigration and Customs Enforcement officials, and he was purportedly ordered removed by an immigration judge that same day.  (*Id.*)  As of June 11, 2015, Gayton has not yet been removed, and he remains in Immigration and Customs Enforcement custody pending removal.  (*Id.*)

On June 26, 2015, Gayton filed a § 2241 habeas petition in the Northern District of Illinois, challenging his ongoing detention.  (*Id.* at 1.)  On September 22, 2015, the Northern District transferred Gayton's petition to this Court because Gayton had been moved from the McHenry County Jail in Woodstock, Illinois to the Tri-County Detention Center in Ullin, Illinois.  (Doc. 9.)

## Discussion

Gayton's habeas petition alleges that his ongoing detention violates certain constitutional provisions and 8 U.S.C. § 1231(a)(6).  The Court's preliminary review of Gayton's petition suggests that his overall petition cannot be dismissed

at the screening stage, so the petition will proceed past preliminary review. In addition, given that the Northern District of Illinois transferred this case to this Court because Gayton was moved to the Tri-County Detention Center, the Court will direct the Clerk to add the Administrator of the Tri-County Detention Center as a respondent to this case.

While the petition may proceed as to the Tri-County Administrator, a number of the respondents Gayton has named are not proper or no longer proper in his § 2241 action. In *Kholyavskiy v. Achim*, 443 F.3d 946, 952-53 (7th Cir. 2006), the Seventh Circuit held that an immigration detainee raising substantive and procedural due process challenges to his "confinement while awaiting removal" could only name as a respondent the person who has immediate custody of him during his detention, and not high-level Immigration and Customs Enforcement officials or the Attorney General. Accordingly, all respondents other than the Tri-County Administrator will be dismissed.

## Disposition

**IT IS HEREBY ORDERED** that Gayton's petition for a writ of habeas corpus shall proceed past preliminary screening.

**IT IS FURTHER ORDERED** that the **CLERK** is **DIRECTED** to **ADD** the Administrator of the Tri-County Detention Center as a respondent to this case.

**IT IS FURTHER ORDERED** that the Chief Director of the Department of Homeland Security, the Director of the Chicago Field Office of Immigration Customs Enforcement, the Attorney General, and the Warden of the McHenry

County Jail are hereby **DISMISSED** from this action.

**IT IS FURTHER ORDERED** that the Administrator of the Tri-County Detention Center shall answer Gayton's petition within thirty days of the date this Order is entered.[1]  This Order to respond does not preclude the respondent from making whatever waiver, exhaustion, or timeliness arguments he may wish to present to the Court.  Service upon the Administrator, Tri-County Detention Center, 1026 Shawnee College Road, Ullin, Illinois, 62992 shall constitute sufficient service.

Out of an abundance of caution, and pursuant to Federal Rule of Civil Procedure 4(i), the **CLERK** is **DIRECTED** to send a copy of the petition and this Order to the United States Attorney for this District, and to send a copy of the petition and Order via registered or certified mail to the United States Attorney General in Washington, D.C., to the United States Department of Homeland Security, and to the United States Immigration & Customs Enforcement.  The **CLERK** is also **DIRECTED** to not terminate counsel who entered designations in this case prior to the case's transfer to this Court at this early stage.

**IT IS FURTHER ORDERED** that, pursuant to Local Rule 72.1(a)(2), this cause is **REFERRED** to Magistrate Judge Clifford J. Proud for further pre-trial proceedings.

**IT IS FURTHER ORDERED** that Petitioner's pending Motion for Appointment of Counsel (Doc. 4) is **REFERRED** to Magistrate Judge Clifford J.

---

[1] The response date ordered herein is controlling. Any date that CM/ECF should generate in the course of this litigation is a guideline only.

Proud for consideration.

**IT IS FURTHER ORDERED** that this entire matter be **REFERRED** to Magistrate Judge Proud for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all parties consent to such a referral.*

Petitioner is **ADVISED** of his continuing obligations to keep the Clerk (and Respondent) informed of any change in his whereabouts during this action. This notification shall be done in writing and not later than seven days after a transfer or other change in address occurs.

**IT IS SO ORDERED.**

DATED: October 14, 2015

Digitally signed by David R. Herndon
Date: 2015.10.14 09:34:50 -05'00'

**United States District Judge**